TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00677-CV






S & H Marketing Group, Inc., Appellant



v.



John Sharp, Comptroller of Public Accounts of the State of Texas; and Dan Morales,
Attorney General of the State of Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 92-01538, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 





 Appellant S & H Marketing Group, Inc. ("S & H") sought a refund of sales taxes paid to
vendors and suppliers from 1983 through 1986. The Comptroller of Public Accounts denied S & H's
refund claims, and S & H filed suit against John Sharp, Comptroller of Public Accounts of the State of
Texas and Dan Morales, Attorney General of the State of Texas (collectively the "Comptroller"). The trial
court granted summary judgment in favor of the Comptroller; S & H appealed. We will affirm the trial
court's judgment. 


BACKGROUND


 In letters dated October 30, 1987, S & H sought a refund of sales taxes in the amount of
$198,783.09 paid to vendors and suppliers from 1983 through 1986. On November 7, 1987, an
employee of the Comptroller's office contacted S & H and stated that amended sales tax returns were
required to be filed by the parties collecting the tax in order for S & H to obtain a refund. In 1990, another
employee of the Comptroller's office informed an S & H employee that an assignment procedure existed
to seek a refund in lieu of filing amended returns. S & H subsequently obtained and filed with the
Comptroller assignments of refund rights from the sellers in support of its claims for tax refunds. The
Comptroller denied S & H's refund claims, stating that they were barred by the four-year statute of
limitations. The Comptroller's decision was upheld following an administrative hearing, and S & H
subsequently sued the Comptroller in district court. The district court granted summary judgment in favor
of the Comptroller. In two points of error, S & H contends on appeal that summary judgment was
improper because (1) fact issues exist regarding whether the statute of limitations was tolled by the actions
of an employee of the Comptroller and (2) the Tax Code and the Comptroller's rules interpreting the Tax
Code violate state and federal due process and equal protection guarantees. 


DISCUSSION


 In its first point of error, S & H contends the trial court erred in granting summary judgment
in favor of the Comptroller because questions of fact exist as to whether the statute of limitations was tolled
by S & H's reliance on incorrect advice from an employee of the Comptroller's office. The standards for
reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden
of showing there is no genuine issue of fact and that it is entitled to summary judgment as a matter of law;
(2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to
the non-movant will be taken as true; and (3) every inference must be indulged in favor of the non-movant
and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 S & H does not dispute that the statute of limitations for refund claims filed pursuant to
section 111.104 of the Tax Code is four years from the date of the sales tax return. See Tex. Tax Code
Ann. §§ 111.104, .204 (West 1992), .107, .201 (West Supp. 1997). Nor does it dispute the facts of the
case; rather, S & H contends that, because its failure to file timely its refund claims resulted from its reliance
upon the actions of a Comptroller employee, the Comptroller is estopped from asserting the statute of
limitations. We disagree. 

 Generally, a unit of government exercising its public or governmental functions cannot be
estopped by the unauthorized or negligent acts of its officials or agents. City of San Angelo v. Deutsch,
91 S.W.2d 308, 309 (Tex. 1936); City of San Marcos v. R. W. McDonald Dev. Corp., 700 S.W.2d
674, 676 (Tex. App.--Austin 1985, no writ). While S & H argues that an exception to this rule applies
where equity and justice require estoppel, this Court has determined that the exception created by the
supreme court in City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex. 1970) is limited to municipalities. 
Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 595 (Tex. App.--Austin 1991, writ denied)
(holding that estoppel can apply only to governmental units exercising proprietary functions and noting that
only municipalities possess both governmental and proprietary functions). 

 The collection of taxes is undoubtedly a governmental function. Deutsch, 91 S.W.2d at
309. And, even taking as true S & H's evidence that an employee of the Comptroller provided S & H with
incorrect advice, the Comptroller is not liable and cannot be estopped even by erroneous acts of its agents
or employees. Id. The statute of limitations, therefore, was not tolled due to any misinformation, and the
Comptroller is not estopped from asserting the statute of limitations. Because S & H did not properly file
its refund claim until 1990, after the expiration of the four-year statute of limitations, the trial court correctly
granted summary judgment in favor of the Comptroller. We, therefore, overrule S & H's first point of
error. 

 In its second point of error, S & H argues that summary judgment was improper because
the relevant provisions of the Tax Code and the Comptroller's rules in the Texas Administrative Code
violate state and federal due process and equal protection guarantees. See Tex. Tax Code Ann. §
111.104; 34 Tex. Admin. Code § 3.325(a) (1997). S & H contends that a disparity of treatment exists
between taxpayers who pay taxes directly to the state and those who pay taxes to the seller of goods or
services because taxpayers who pay taxes directly to the state may seek a refund directly from the
Comptroller, while taxpayers who pay taxes to a seller must seek a refund from the seller rather than the
Comptroller. See Tex. Tax Code Ann. § 111.104; 34 Tex. Admin. Code § 3.325. The Comptroller
counters, however, that in fact section 111.104 and rule 3.325 provide that persons who pay taxes to
sellers who in turn pay taxes directly to the state may seek a refund by obtaining an assignment of refund
rights from the seller. 

 Section 111.104 of the Tax Code states that "[a] tax refund claim may be filed with the
comptroller by the person who paid the tax or by the person's attorney, assignee, or other successor." 
Tex. Tax Code Ann. § 111.104(b) (emphasis added). In another opinion released this date, this Court
held that section 111.104 provides standing to file for a refund to taxpayers who (1) pay the tax directly
to the state, or (2) obtain a refund request and an assignment of refund rights from the taxpayer who paid
the tax directly to the state. Fleming Foods v. Sharp, No. 3-96-477, slip op. at 7 (Tex. App.--Austin,
Aug. 28, 1997, no writ h.); see also Tex. Tax Code Ann. § 111.104(b). Through the assignment
provision, the statute itself provides a method by which a person or entity who pays taxes to a seller, rather
than directly to the State, may seek a refund directly from the Comptroller. See Tex. Tax Code Ann. §
111.104(b). Because both categories of taxpayers may seek refunds directly from the Comptroller, the
Tax Code does not treat them differently and does not violate state and federal due process and equal
protection guarantees. We, therefore, overrule S & H's second point of error. 


CONCLUSION


 Having overruled S & H's two points of error, we affirm the judgment of the trial court. 




 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: August 28, 1997

Publish




v. R. W. McDonald Dev. Corp., 700 S.W.2d
674, 676 (Tex. App.--Austin 1985, no writ). While S & H argues that an exception to this rule applies
where equity and justice require estoppel, this Court has determined that the exception created by the
supreme court in City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex. 1970) is limited to municipalities. 
Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 595 (Tex. App.--Austin 1991, writ denied)
(holding that estoppel can apply only to governmental units exercising proprietary functions and noting that
only municipalities possess both governmental and proprietary functions). 

 The collection of taxes is undoubtedly a governmental function. Deutsch, 91 S.W.2d at
309. And, even taking as true S & H's evidence that an employee of the Comptroller provided S & H with
incorrect advice, the Comptroller is not liable and cannot be estopped even by erroneous acts of its agents
or employees. Id. The statute of limitations, therefore, was not tolled due to any misinformation, and the
Comptroller is not estopped from asserting the statute of limitations. Because S & H did not properly file
its refund claim until 1990, after the expiration of the four-year statute of limitations, the trial court correctly
granted summary judgment in favor of the Comptroller. We, therefore, overrule S & H's first point of
error. 

 In its second point of error, S & H argues that summary judgment was improper because
the relevant provisions of the Tax Code and the Comptroller's rules in the Texas Administrative Code
violate state and federal due process and equal protection guarantees. See Tex. Tax Code Ann. §
111.104; 34 Tex. Admin. Code § 3.325(a) (1997). S & H contends that a disparity of treatment exists
between taxpayers who pay taxes directly to the state and those who pay taxes to the seller of goods or
services because taxpayers who pay taxes directly to the state may seek a refund directly from the
Comptroller, while taxpayers who pay taxes to a seller must seek a refund from the seller rather than the
Comptroller. See Tex. Tax Code Ann. § 111.104; 34 Tex. Admin. Code § 3.325. The Comptroller
counters, however, that in fact section 111.104 and rule 3.325 provide that persons who pay taxes to
sellers who in turn pay taxes directly to the state may seek a refund by obtaining an assignment of refund
rights from the seller. 

 Section 111.104 of the Tax Code states that "[a] tax refund claim may be filed with the
comptroller by the person who paid the tax or by the person's attorney, assignee, or other successor." 
Tex. Tax Code Ann. § 111.104(b) (emphasis added). In another opinion released this date, this Court
held that section 111.104 provides standing to file for a refund to taxpayers who (1) pay the tax directly
to the state, or (2) obtain a refund request and an assignment of refund rights from the taxpayer who paid
the tax directly to the state. Fleming Foods v. Sharp, No. 3-96-477, slip op. at 7 (Tex. App.--Austin,
Aug. 28, 1997, no writ h.); see also Tex. Tax Code Ann. § 111.104(b). Through the assignment
provision, the statute itself provides a method by which a person or entity who pays taxes to a seller, rather
than directly to the State, may seek a refund directly from the Comptroller. See Tex. Tax Code Ann. §
111.104(b). Because both categories of taxpayers may seek refunds directly from the Comptroller, the
Tax Code does not treat them differently and does not violate state and federal due process and equal
protection guarantees. We, therefore, overrule S & H's second point of error. 


CONCLUSION


 Having overruled S & H's two points of error, we affirm the judgment of the trial court.